```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARTWELL THERAPEAUTICS
LICENSING LLC,

                          Plaintiff,              MEMORANDUM AND ORDER
         -against-                                16 CV 3181 (MKB) (CLP)

CITRON PHARMA LLC,

                          Defendant.
-----------------------------------------------------------X
```

**POLLAK**, United States Magistrate Judge:

On June 8, 2016, Chartwell Therapeutics Licensing, LLC ("plaintiff" or "Chartwell") commenced this action against Citron Pharma LLC ("defendant" or "Citron"), in the Supreme Court of the State of New York, Kings County, seeking monetary damages, as well as attorney's fees and costs, based on claims for breach of contract, goods sold and delivered, unjust enrichment, and *quantum meruit*. The defendant invoked this Court's diversity jurisdiction and removed the action to this Court on June 16, 2016, pursuant to 28 U.S.C. § 1441(a). Defendant Citron brings counterclaims for breach of contract, breach of the duty of good faith and fair dealing, and seeks declaratory relief regarding the parties' obligations under the contract.

Currently before the Court are three discovery motions filed by the parties, each of which is addressed below.

DISCUSSION

**A. Motion for Protective Order and *In Camera* Review**

By letter dated February 7, 2018, plaintiff seeks a ruling from the Court as to the propriety of its assertion of privilege with respect to certain documents related to Grassi & Co. ("Grassi"), an accounting firm hired by plaintiff's counsel Hahn & Hessen ("H&H"). (See generally Pl.'s 2/7/18 Ltr, ECF No. 71). In its response dated February 15, 2018, defendant Citron argues that the claim of privilege is without merit and the Court should order production of the Grassi documents. (See generally Def.'s 2/15/18 Ltr, ECF No. 77).

In asserting that the Grassi documents are protected from discovery under attorney-client privilege or the work product doctrine, plaintiff explains that the individual from Grassi with whom H&H has been working during the entire engagement, Yigal Rechtman, is a CPA who practices forensic and litigation assistance accounting. (Pl.'s 2/7/18 Ltr at 1). According to plaintiff, when Chartwell contacted H&H to seek legal advice in connection with its dispute with Citron in or around June 2015, H&H had already retained Grassi to assist H&H and Chartwell in connection with another litigation involving Doxycycline. (Id.) As a result, H&H expanded the scope of the retainer to ask Grassi to advise H&H and Chartwell as to the parties' respective rights under the Net Sales Share component of the contract between Chartwell and Citron, which is at the core of this litigation. (Id. at 1-2). This required Grassi to attempt an audit of Citron's books and records and to analyze Citron's purchase, sale, and distribution of Doxycycline and to provide consulting services to Chartwell as to the various obligations under the contract. (Id. at 2). Plaintiff asserts that the work done by Grassi was necessary in order to enable H&H to render legal advice to Chartwell. (Id.)

Chartwell represents that during the course of discovery it has produced: 1) all of the documents provided to or reviewed by Grassi in its efforts to audit Citron's books and records –

an audit that plaintiff represents is still incomplete; and 2) Grassi's work papers prepared in connection with its audit efforts. (Id.) Counsel represents that what has been withheld are communications between Chartwell and Grassi, Grassi and H&H, and in some instances, documents involving other Grassi employees. (Id. at 2-3). Plaintiff contends that the communications reflected in these withheld documents were created to provide information and advice to H&H in the course of advising its client as to its legal obligations and rights and that such communications were "'made in confidence for the purpose of obtaining legal advice from the lawyer.'" (Id. (quoting United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961) (holding that "[i]f what is sought is not legal advice but only accounting advice . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exist")). Moreover, plaintiff contends that litigation was "reasonably foreseeable" from the time Grassi was retained and therefore, the communications have been properly withheld on grounds of work product. (Id.)

Additionally, Chartwell seeks an Order enforcing the "claw back" provision of the parties' Stipulated Confidentiality Order with respect to a document that was inadvertently produced. (See id. at 5).

Citron argues in opposition that the documents at issue are not covered by the attorney-client privilege and that, even if they were, the privilege was waived because disclosure to Grassi was not necessary to facilitate communications with Chartwell. (See Def.'s 2/15/18 Ltr at 5-8). Citron also contends that the documents cannot be protected by the work product privilege since the services performed by Grassi would have been rendered regardless of the prospect of litigation and therefore do not meet the requirements of the work product doctrine. (Id. at 8-10). Citron argues with respect to the inadvertently produced document that the "claw back" provision of the confidentiality Order should not be enforced because the document was

3

produced twice—precluding the disclosure from being "inadvertent"—and its contents were disclosed publicly in a court filing, waiving any privilege. (Id. at 10-12). Finally, Citron seeks to compel production of an unredacted version of the engagement letter between Grassi and plaintiff's counsel. (Id. at 12-13).

1. Analysis

It is well-established that the party claiming the attorney-client privilege has the burden to establish that the privilege is applicable under the circumstances. See Von Bulow v. Von Bulow, 811 F.2d 136, 144 (2d Cir.), cert. denied, 481 U.S. 1015 (1987); King v. Conde, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). The attorney-client privilege attaches:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

United States v. Bein, 728 F.2d 107, 112 (2d Cir.), cert. denied, 469 U.S. 837 (1984) (quoting United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961)); see also United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). "The privilege is not limited to communications made in the context of litigation or even a specific dispute, but extends to all situations in which an attorney's counsel is sought on a legal matter." Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 862 (D.C. Cir. 1980). Thus, the privilege is triggered when a client, including a corporation, seeks legal advice from its counsel. See In re Grand Jury Subpoena Duces Tecum, 731 F.2d 1032, 1037 (2d Cir. 1984). Moreover, in Upjohn Co. v. United States, 449 U.S. 383, 390 (1981), the Supreme Court noted that "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Thus, the privilege

4

extends to include communications between employees of a corporation and corporate counsel. See id.

In United States v. Kovel, the Second Circuit, on appeal, vacated the lower court's order holding an accountant in contempt for refusing to answer certain questions regarding conversations he had with a client in connection with his firm's representation of that client. In Kovel, the accountant had been retained by the attorney and was employed by the law firm for the purpose of assisting the attorneys in rendering advice on tax law matters. Analogizing accountants to translators of a foreign language, the court noted that the "presence of an accountant, whether hired by the lawyer or by the client, while the client is relating a complicated tax story to the lawyer, ought not to destroy the privilege, any more than would that of [a] linguist." 296 F.2d at 922. The court, however, noted that this ruling was not meant to extend the privilege to conversations where what is sought is accounting advice, not legal advice; nor does it cover the situation where it is the accountant's, not the lawyer's, advice that is sought.

> We recognize this draws what may seem to some a rather arbitrary line between a case where the client communicates to his own accountant (no privilege as to such communications, even though he later consults his lawyer on the same matter . . .) and others, where the client in the first instance consults a lawyer who retains an accountant as a listening post, or consults the lawyer with his own accountant present.

Id.

In connection with the February 7, 2018 letter, Chartwell has also submitted, among other things, a copy of its privilege log and over 10,000 withheld documents as listed on the privilege list for *in camera* review. The Court has reviewed the privilege log, which is fairly detailed, and has reviewed a sampling of the documents that comprise the 10,000 pages that have been withheld. Based on this extensive review, the Court finds that the sampling properly falls

5

within either the category of documents subject to the attorney client privilege or is work product. Thus, unlike in some cases where documents have been withheld from production on dubious claims of privilege or work product, see, e.g., McNamee v. Clemens, No. 09 CV 1647, 2013 WL 6572899, at *6 (E.D.N.Y. Sept. 18, 2013), the Court found no examples of documents that appear to have been improperly designated. In light of the complex factual and numerical issues presented by this case, it is eminently reasonable for counsel to rely extensively on the services of an accountant to assist the lawyer in rendering legal advice. Accordingly, based on counsel's representation that the entirety of the documents that have been withheld fall within one of these two categories, the Court sees no reason to compel production of these documents at this time, and Chartwell's motion for a protective order is therefore granted with respect to the aforementioned documents.

The Court has also reviewed the inadvertently produced document, bearing bates number P0012973-0012974. The Court has determined that the document should have been withheld on the basis of privilege and work product. See Fed. R. Civ. P. 26(b)(5)(B); (see also Stipulated Confidentiality Agreement and Protective Order ¶ 10, Mar. 8, 2017, ECF No. 29 (setting forth the parties' agreed "claw back" provision)). The records in this case make it clear that plaintiff made reasonable efforts to avoid producing privileged or otherwise protected documents and had no intention of disclosing the document at issue. Accordingly, Citron is Ordered to return or destroy the specified documents and any copies it may have, as required by Rule 26(b)(5)(B) and as provided for in the Confidential Agreement. See id.

**B. Motion to Amend Responses to Requests for Admissions**

By notice of motion dated March 29, 2018, defendant Citron seeks leave to amend its objections and responses to Chartwell's First Set of Requests for Admissions, dated November

6

10, 2016.  (See Def.'s Not. of Mot. at 1, Mar. 29, 2018, ECF No. 85).  Specifically, Citron seeks permission to amend its responses to Request No. 3, which ask defendant to admit that an attached list of invoices lists all invoices it received from plaintiff, and Request No. 4, which asks defendant to admit that it received certain invoices and that the annexed copies are authentic reproduction of the invoices received.  (See Pl.'s 1st RFAs at 3, Exhibit A to the Declaration of Patrick Papalia, Mar. 29, 2018, ECF No. 85-3).[1]

According to Citron, amendment is appropriate because the original responses were inadvertently inconsistent with one another and, more importantly, are inaccurate in light of information that it discovered through subsequent investigation during the course of this litigation.  (See Def.'s Mem. at 2-5, 8-10, Mar. 29, 2018, ECF No. 85-5).  Citron contends that Chartwell will not be prejudiced because amendment will rectify Citron's inconsistent responses, discovery remains open, and Chartwell can pursue the issue through additional discovery.  (See id. at 11-14).

Chartwell opposes amendment on several grounds.  First, it claims that Citron does not seek to amend in good faith.  (See Pl.'s Opp'n at 2-4, Apr. 26, 2018, ECF No. 89-8).  Next, Chartwell contends that receipt of the invoices "is not materially at issue," so permitting amendment to reflect whether a particular invoice was or was not received will not promote adjudication on the merits.  (See id. at 4-6).[2]  Finally, Chartwell argues that it will be prejudiced

---

[1] Citron also requested leave to amend its response to Request No. 1, but that issue is now moot because the parties have agreed to that amendment.

[2] It is not a little ironic that Chartwell, by propounding the discovery request, certified it was made in good faith and not for an improper purpose, but now argues that Citron is acting in bad faith by attempting to provide an accurate response.  If the issue embraced by the request for admission truly was immaterial, Chartwell should not have served such a discovery request in the first place.

7

if Citron's motion is granted because it would have to engage in additional discovery, which will require additional time and expense. (See id. at 7).

1. Analysis

Federal Rule of Civil Procedure 36(b) provides that:

> A matter admitted [in a request for admission] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . . [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). "This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Committee Note to 1970 Amendment to Fed. R. Civ. P. 36(b). Under the plain text of the rule, a party seeking to amend its responses to a request for admission must show that permitting amendment (1) would promote resolution on the merits, and (2) would not prejudice the requesting party in maintaining or defending the action on the merits. Even if a party satisfies these two requirements, the rule is permissive and the decision remains within the sound discretion of the Court. Ng v. HSBC Mortg. Corp., No. 07 CV 5434, 2011 WL 3511296, at *4 (E.D.N.Y. Aug. 10, 2011).

Despite the length and tone of the briefs from both parties, the issue before the Court is straightforward. Citron has shown that, despite reasonable inquiries made at the time, its responses to the third and fourth requests for admission do not accurately reflect the facts and that the responses may in fact be inconsistent with one another. Whether and when certain invoices were received has been a contentious question in this case. It is an issue that should be decided on the merits, rather than on a technicality. Chartwell's arguments to the contrary miss

the mark. It argues that "overwhelming evidence" contradicts Citron's position as set forth in the amended responses, but that argument implicitly recognizes the importance of the issue to substantive merits of the case.

Citron has also satisfied the second prong of the test. No trial date has been set, and the parties—in part through their needlessly combative approach to discovery—are relatively early in the discovery process. Mere inconvenience or delay is insufficient to demonstrate prejudice, particularly of the kind with which Rule 36(b) is concerned: prejudice in litigating on the merits. See Fed. R. Civ. P. 36(b). Chartwell will be able to pursue further discovery on the issue, to present its own witnesses, and to raise the issue at deposition. Moreover, should Chartwell ultimately prove that the matters embraced in the requests to admit are true, it remains free to seek its reasonable expenses in setting forth that proof. See Fed. R. Civ. P. 37(c)(2).

For the foregoing reasons, the Court grant's Citron's motion to amend its objections and responses to the relevant requests for admission.

**C. Motion to Compel**

Citron moves for an Order compelling Chartwell to produce documents concerning its agreements to supply Doxycycline suspension ("Doxy suspension"). (See generally Def.'s Mot. to Compel, May 24, 2018, ECF No. 92). Chartwell opposes the motion. Both parties attach voluminous exhibits to their briefing, but this issue can be resolved solely with reference to the pleadings.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). None of the pleadings in this case make any reference to Doxy suspension: the Complaint, the Answer and Counterclaims, and the Reply to the Counterclaims all refer to "Doxy" or "Product,"

9

which are defined as "Doxycycline Hyclate tablets and capsules." (E.g., Compl. ¶ 5, June 16, 2016, ECF No. 1-1; Answer and Countercls. ¶ 5, July 20, 2016, ECF No. 11; Pl.'s Reply to Countercls. ¶ 12, Aug. 9, 2016, ECF No. 12). Based on the record before the Court, the requested documents fall outside the scope of discovery permitted by Rule 26. See Committee Note to Fed. R. Civ. P. 26, 192 F.R.D. 340, 389 (2000) (explaining that changed language in Rule 26 "signals to the court that it has the authority to confine discovery to the claims and defenses *asserted in the pleadings*, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings") (emphasis added).

In a footnote, Citron asks for leave to file a motion to amend if its discovery requests are deemed outside the scope of discovery based on the current state of its counterclaims. (See Def.'s Mot. to Compel at 6 n.12). "It is generally inappropriate to make substantive arguments in footnotes." In re MF Global Holdings Ltd. Inv. Litig., No. 11 CV 7866, 2014 WL 8184606, at *2 (S.D.N.Y. Mar. 11, 2014). Moreover, Citron has not provided sufficient information for the Court to determine if such a motion would be appropriate. The request is therefore denied without prejudice to file a proper request.

## CONCLUSION

For the reasons set forth above, Chartwell's motion for protective order is granted, Citron's motion to amend its responses to the requests for admission is granted, and Citron's motion to compel is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 17, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York