UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARTWELL THERAPEAUTICS
LICENSING LLC,

                            Plaintiff,

                         -against-

CITRON PHARMA LLC,
                        Defendant.
-----------------------------------------------------------X

**ORDER**
16 CV 3181 (MKB) (CLP)

**POLLAK**, United States Magistrate Judge:

On June 8, 2016, Chartwell Therapeutics Licensing, LLC ("plaintiff" or "Chartwell") commenced this action against Citron Pharma LLC ("defendant" or "Citron"), alleging claims for breach of contract, goods sold and delivered, unjust enrichment, and *quantum meruit*. Defendant Citron subsequently filed counterclaims for breach of contract, breach of the duty of good faith, and fair dealing. Currently before this Court are the parties' competing motions to compel discovery.

A. <u>Citron's Motion to Compel Compliance with the July 24, 2018 Order</u>

On July 24, 2018, this Court held a status conference and issued an Order ruling on a number of discovery disputes. The Order required, *inter alia*, that by September 7, 2018, plaintiff produce: 1) Chartwell's QuickBooks work ("QBW") file and 2) an affidavit from the records custodian for Chartwell's QuickBooks database explaining whether native files or other files with metadata exist for the 17 missing invoices that were at issue during the conference. (See 7/24/18 Order[1]). Currently before the Court is defendant's motion to compel.

---

[1] Citations to "7/24/18 Order" refer to the Court's July 24, 2018 Order, ECF No. 102.

Defendant contends that during the July 24, 2018 conference, Citron requested that the QBW file be downloaded electronically on a flash drive so that a systems person could review the time and date that the 17 invoices were created. (Def.'s 9/14/18 Ltr.[2] at 2 (citing Ex. B[3] at 18, 25)). Defendant now moves to compel production of this QBW file, claiming that Chartwell has refused to comply, producing instead an Excel spreadsheet. (Id.) Moreover, rather than providing an affidavit explaining why the QBW file could not be produced – as was ordered by this Court – Chartwell has instead submitted a letter from counsel arguing about the merits of the claims, arguing that the meta-data issue is a "red herring," and claiming that Chartwell has fully complied with the Court's Order by producing the Excel spreadsheet. (Pl.'s 9/21/18 Ltr.[4] at 1-5).

The Court disagrees and Orders Chartwell to produce the QuickBooks work file as previously Ordered. The QBW file shall be provided as an electronic file on a flash drive on or before October 29, 2018. Chartwell is also Ordered to provide the affidavit from the QuickBooks records custodian as Ordered in the July 24, 2018 Order, stating whether native files or other files with metadata exist for the 17 invoices at issue.

Failure to produce the file and the affidavit as Ordered will result in a recommendation for sanctions, including but not limited to an Order of preclusion and/or fees and costs.

---

[2] Citations to "Def.'s 9/14/18 Ltr." refer to defendant's Letter Motion to Compel filed September 14, 2018, ECF No. 114.
[3] Citations to "Ex. B" refer to the transcript of the Status Conference held July 24, 2018, Exhibit B of defendant's Letter Motion to Compel filed September 14, 2018, ECF No. 114.
[4] Citations to "Pl.'s 9/21/18 Ltr." refer to plaintiff's Letter filed September 21, 2018, ECF No. 115.

B. <u>Chartwell's Motion to Compel Depositions</u>

By letter dated October 1, 2018, Chartwell contends that despite its efforts since July to schedule depositions, counsel for Citron has failed to cooperate in setting dates and failed to agree to Chartwell's request to have the Citron witnesses appear in New York for deposition. (<u>See</u> Pl.'s 10/1/18 Ltr.[5]). Citron disputes many of the factual assertions in Chartwell's letter, contending that not only has it attempted to negotiate dates, but that its witnesses are entitled to be deposed in New Jersey. (<u>See</u> Def.'s 10/9/18 Ltr.[6]).

The parties are Ordered to meet and confer and submit to the Court by Friday, October 26, 2018, a proposed deposition schedule for each of the witnesses for whom depositions have been requested. If counsel fails to provide dates for any of the witnesses sought by its adversary, the witness will be precluded from offering testimony in this matter. With the exception of Mr. Baeringer, depositions noticed by Chartwell shall take place in New York; depositions noticed by Citron shall take place in New Jersey. The parties should confer and agree on the best location for Mr. Baeringer's deposition. As for the notion that Chartwell intends to call three witnesses twice – once as Citron's 30(b)(6) witnesses and once in their personal capacities as fact witnesses – the Court directs that there be one deposition of each witness only. There is no reason to bring the witnesses to New York on two separate occasions.

C. <u>Motion to Seal</u>

On July 17, 2018, this Court issued a protective order relating to an email communication between Chartwell and Grassi & Co. (7/17/18 Order[7] at 6). By Notice of Motion dated July 31,

---

[5] Citations to "Pl.'s 10/1/18 Ltr." refer to plaintiff's Letter filed October 1, 2018, ECF No. 118.
[6] Citations to "Def.'s 10/9/18 Ltr." refer to defendant's Letter filed October 9, 2018, ECF No. 119.
[7] Citations to "7/17/18 Order" refer to the Court's Memorandum and Order filed July 17, 2018, ECF No. 99.

3

2018 and August 1, 2018, Citron moves for an Order directing the Clerk of Court to file this email under seal. The email appears as ECF document numbers 41, 41-8, 41-12, 77, 77-1, and 104-1. The request is granted.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 23, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York